UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-23987-CIV-MORENO**

MELANIE E. DAMIAN, as Receiver for the
Estate of Sean Nathan Healy,

    Plaintiff,

vs.

WILLIAM MASSARO and ANGELA MASSARO,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint **(D.E. No. 4)**, filed on **February 2, 2011**. Defendants make a three-pronged attack against the Complaint, alleging lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. The Court finds that the Plaintiff has stated a claim and there is both proper venue and subject matter jurisdiction.

### FACTUAL BACKGROUND

The Plaintiff is the Court-appointed Receiver for the Estate of Receivership Defendant Sean Nathan Healy in the enforcement actions styled *U.S. Securities and Exchange Commission v. Sean Nathan Healy, et al.*, Case No. 1:09-CV-1330, and *U.S. Commodities Futures Trading Commission v. Sean Nathan Healy, et al.*, Case No. 1:09-CV-1331, before Judge Christopher Conner in the United States District Court for the Middle District of Pennsylvania, Harrisburg Division. The

Plaintiff was assigned as Receiver on July 13, 2009.

Since 2005, Mr. Healy ran what is traditionally known as a Ponzi scheme. He obtained millions of dollars from various investors. Occasionally he paid select investors under the ruse that those payments were earned in the trade of securities and commodities on their behalf when they were nothing more than other investors' contributions. The Defendants became investors in 2005. By 2008, Defendants transferred $103,000 to Mr. Healy using three checks. Mr. Healy deposited those funds in bank accounts at Colonial Bank and Bank of America that held only investor funds. In response, Defendants received between $153,000 and $183,000 through wire transfers and checks from the investor accounts. The Defendants kept these funds and admitted to keeping these funds.

When interrogated by investors and investigated by the United States Attorney's Office for the Middle District of Pennsylvania as to his business practices, Mr. Healy presented falsified bank and trading records. Mr. Heal was eventually indicted and convicted for his criminal actions relating to his Ponzi scheme. As a result of the related enforcement actions, the Receiver brings the instant action, seeking $80,000 in profit that the Defendants received from Mr. Healy's fraudulent scheme.

## VENUE

Defendants argue that venue is improper because Plaintiff initiated this action in the Miami Division of the Southern District of Florida while the Defendants reside in Broward County. Defendants state that "venue properly lies in Broward County." Broward County lies within the Fort Lauderdale Division of the District and pursuant to Rule 3.4 of the Local Rules "[a] Judge with chambers in one division may be assigned a case with venue in another division," rendering Defendant's argument moot. Filing of the Complaint in the Fort Lauderdale Division would not

have impacted its possible assignment to a Court in another division. Venue is proper.

## SUBJECT MATTER JURISDICTION

The Defendants state without supporting argument that the Complaint's counts are brought under state law and since there is no diversity jurisdiction and "no Federal question is involved," there is no subject matter jurisdiction. Defendants' arguments do not constitute legitimate opposition against subject matter jurisdiction. Plaintiff states that the Court has subject matter jurisdiction over this matter. Plaintiff, as the appointed receiver in the initial suit where a district court had jurisdiction, retains ancillary subject matter jurisdiction that extends to the district courts in which the same controversy extends, pursuant to 28 U.S.C. § 754.

This is an ancillary action to the SEC case, over which the Middle District of Pennsylvania had original jurisdiction. Pursuant to 28 U.S.C. § 754 and 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction. *See Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822 (6th Cir. 1981) (stating that "the initial suit which results in the appointment of the receiver is the primary action and that any suit which the receiver thereafter brings in the appointment court in order to execute his duties is ancillary to the main suit. As such, the district court has ancillary subject matter jurisdiction of every such suit irrespective of diversity, amount in controversy or any other factor which would normally determine jurisdiction.") Jurisdiction extends from the Middle District of Pennsylvania to any judicial district where receivership property is found. In this case, that includes the Southern District of Florida. Therefore, jurisdiction properly extends to this Court.

## CLAIMS UPON WHICH RELIEF CAN BE GRANTED

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

Defendants argue the Plaintiff offers only a conclusory statement concerning Defendants involvement and receipt of funds from Healy's illegal activities. This argument is without merit. Taken in a light most favorable to the Plaintiff, the factual allegations abound, including details about how Healy improperly obtained others' wealth and alleging " both Defendants admitted, under oath, that they had received at least $153,000 from the Healys and had deposited that sum into their bank account." Plaintiff meets the burden of asserting factual allegations that, if true, entitle relief.

## CONCLUSION

Defendants' Motion to Dismiss lacks sufficient argument and the little argument provided

lacks merit. This Court finds that venue and jurisdiction are proper and that the Complaint properly states a claim upon which relief can be granted. Therefore, it is

**ADJUDGED** that the motion is DENIED. Defendants shall file an Answer by **September 9, 2011** or default judgment shall be entered against them

DONE AND ORDERED in Chambers at Miami, Florida, this 22 day of August, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record